FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 12, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THOMAS SWARERS,<br><br>  Petitioner,<br><br>  v.<br><br>STATE OF WASHINGTON,<br><br>  Respondent. | 4:20-CV-05247-SAB<br><br>**ORDER SUMMARILY DISMISSING HABEAS PETITION** |

Petitioner, a prisoner at the Coyote Ridge Corrections Center, brings this *pro se* Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. The $5.00 filing fee has been paid.

**PROPER RESPONDENT**

An initial defect with the Petition is that it fails to name a proper party as a respondent. The proper respondent in a federal petition seeking habeas corpus relief is the person having custody of the petitioner. *Rumsfeld v. Padilla*, 542 U.S. 426 (2004); *Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). If the petitioner is incarcerated, the proper respondent is generally the warden of the institution where the petitioner is incarcerated. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891 (9th Cir. 1996). Failure to name a proper respondent deprives federal courts of personal jurisdiction. *See Stanley*, 21 F.3d at 360. While Petitioner could conceivably remedy this issue, the Court finds the additional deficiencies discussed

**ORDER SUMMARILY DISMISSING HABEAS PETITION -- 1**

below would make amendment futile.

## EXHAUSTION REQUIREMENT

Petitioner challenges a 2018 Benton County jury conviction for an unspecified charge. ECF No. 1 at 1-2. He does not provide the length of his sentence and invites the Court to "see case file" that he fails to provide. *Id.* at 1. Petitioner indicates he appealed his conviction and sentence to the Benton County Superior Court on an unspecified date asserting ineffective assistance of counsel, and his appeal was denied. *Id.* at 2. He also indicates the Washington State Supreme Court denied review on April 29, 2020. *Id.*

Throughout the petition, Petitioner invites the Court to "see" his numbered attachments, A-1 to A-25, *Id.* at 5-13. In his grounds for federal habeas relief, Petitioner argues the State of Washington has no jurisdiction to decide federal constitutional matters. *Id.* at 17-19. It has long been settled that state courts are competent to decide questions arising under the U.S. Constitution. *See Baker v. Grice,* 169 U.S. 284, 291 (1898) ("It is the duty of the state court, as much as it is that of the federal courts, when the question of the validity of a state statute is necessarily involved, as being in alleged violation of any provision of the federal constitution, to decide that question, and to hold the law void if it violate that instrument."); *see also Worldwide Church of God v. McNair*, 805 F.2d 888, 891 (9th Cir. 1986) (holding that state courts are as competent as federal courts to decide federal constitutional matters). Therefore, Petitioner's arguments to the contrary lack merit.

Additionally, before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust the state court remedies available to him. 28 U.S.C. § 2254(b); *Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion generally requires that a prisoner give the state courts an opportunity to act on his claims before he presents those claims to a federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). A petitioner has not exhausted a claim for relief so long as the

**ORDER SUMMARILY DISMISSING HABEAS PETITION -- 2**

petitioner has a right under state law to raise the claim by available procedure. *See Id.*; 28 U.S.C. § 2254(c).

To meet the exhaustion requirement, the petitioner must have "fairly present[ed] his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin*, 541 U.S. at 29; *see also Duncan v. Henry*, 513 U.S. 364, 365–66 (1995). A petitioner fairly presents a claim to the state court by describing the factual or legal bases for that claim and by alerting the state court "to the fact that the ... [petitioner is] asserting claims under the United States Constitution." *Duncan*, 513 U.S. at 365–366; *see also Tamalini v. Stewart*, 249 F.3d 895, 898 (9th Cir. 2001) (same). Mere similarity between a claim raised in state court and a claim in a federal habeas petition is insufficient. *Duncan*, 513 U.S. at 365–366.

Furthermore, to fairly present a claim, the petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. Once a federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied. *See Picard v. Connor*, 404 U.S. 270, 275 (1971). It appears from the face of the Petition and supporting documents that Petitioner has not exhausted his state court remedies as to each of his grounds for relief.

**GROUNDS FOR FEDERAL HABEAS RELIEF**

Petitioner asserts that the Washington state constitution contradicts the federal constitution regarding the Fifth Amendment right to "presentment or indictment of a Grand Jury." ECF No. 1 at 17. He claims "no bill of indictment" was brought against him rendering his arrest, conviction and imprisonment illegal. *Id.*

The United States Supreme Court stated long ago: "Prosecution by

**ORDER SUMMARILY DISMISSING HABEAS PETITION -- 3**

information instead of by indictment is provided for by the laws of Washington. This is not a violation of the Federal Constitution." *See Gaines v. Washington*, 277 U.S. 81, 86 (1928). Consequently, Petitioner's assertions to the contrary presented in his four grounds for federal habeas relief are legally frivolous.

Because it plainly appears from the petition and accompanying documents that Petitioner is not entitled to relief in this Court, **IT IS ORDERED** the petition, ECF No. 1, is **DISMISSED** pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. **IT IS FURTHER ORDERED** that all pending Motions are **DENIED as moot**.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, enter judgment, provide copies to Petitioner, and close the file. The Court certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability is therefore **DENIED.**

**DATED** this 12th day of January 2021.



Stanley A. Bastian
United States District Judge

**ORDER SUMMARILY DISMISSING HABEAS PETITION -- 4**